*No. 15-3032*

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

HORACE B. EDWARDS, *Plaintiff-Appellant,*

v.

EDWARD JOSEPH SNOWDEN, PRAXIS FILMS, INC., LAURA POITRAS, PARTICIPANT MEDIA, LLC, DIANE WEYERMANN, JEFFREY SKOLL, THE WEINSTEIN COMPANY LLC a/k/a/ RADIUS-TWC, HOME BOX OFFICE, INC., SHEILA NEVINS, ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, *Defendant-Appellees*,

On Appeal From The United States District Court For The District Of Kansas
Honorable Julie A. Robinson
In No. 2:14-CV-02631-JAR-TJJ

**PLAINTIFF'S PETITION FOR REHEARING AND REQUEST FOR REHEARING *EN BANC*, OR ALTERNATIVELY IN THE NATURE OF MANDAMUS**

**EMERGENCY RELIEF SOUGHT BEFORE FIVE P.M. SUNDAY CST FEBRUARY 22, 2015, WITH NOTIFICATION TO ALL PARTIES AND THEIR COUNSEL**

Jean Lamfers
LAMFERS & ASSOCIATES, LC
7003 Martindale
Shawnee, KS  66218
Phone:  (913) 962-8200

February 22, 2015

*Counsel for Plaintiff-Appellant Horace B. Edwards*

1

I.  **STATEMENT REQUIRED BY FED. R. APP. P. 35(b)(1)**

This proceeding involved the following questions of exceptional importance:

1.  This matter was brought before the Court by Emergency Motion for Expedited Review of Order Denying Motion to Seal Classified Documents Filed, i.e., the DVD of movie CITIZENFOUR ("Movie") and the transcript of the Movie (Transcript) (Doc. 13-1) pursuant to Fed. Rule App. P. 8(a)(2) and 10th Cir. R. 8 to correct a ruling made on clear error, as more fully set forth in plaintiff's Emergency Request and Notice of Appeal.

2.  Plaintiff has sought a motion to stay the district court's order pending appeal after the Appellate Order issued, (Doc. 28) to assure proper jurisdiction lies with this Court and we seek a stay of (Doc. 17) in this Petition pursuant to Rule 8(a)(2).

3.  The proceeding involves questions of exceptional importance including specifically whether classified information that has not been declassified and as to which no clear title can ever be established by the former CIA/NSA/DIA undercover officer defendant Snowden who admitted stealing the information because such defendant Snowden acknowledged signing at least one secrecy order and admitted working for CIA. Hence Snowden would have been required to sign CIA's secrecy agreement. Thus, the stolen documents and other materials cannot

be lawfully made available in the public record by defendants who participated in its acquisition, but instead, is subject to sealing in the district court pursuant to Executive Order 13526 and the secrecy agreement(s) entered into by Defendant Snowden and binding upon defendants because of their admitted involvement in using them for the Movie, and the binding precedent as prohibited by binding U.S. Supreme Court, *Snepp v. U.S.* (imposition of constructive trust proper remedy applicable to former CIA officer who uses government property and information as to which he cannot and does not have title as such information entrusted to such intelligence employee belongs to the United States Government on behalf of the people of the United States; *Boehner v. McDermott*, 532 U.S. 1050 (2001) (vacating decision regarding First Amendment right to disclose information and remanding for further consideration in light of *Bartnicki v. Vopper*, 532 U.S 514 (2001)), *Boehner v. McDermott*, 484 F.3d 573, 580) (D.C. Cir. 2007, en banc) (finding that participation in acquisition of unlawfully acquired information and duty of confidentiality covering receipt and handling of illegally obtained materials precludes First Amendment right to use them),  and U.S. Supreme Court cases that have consistently followed Snepp to date, as well as the binding precedent of this Court in *Quigley v. Rosenthal*, 327 F.3d 1044 (10th Cir 2003).  All of the foregoing which apply to the instant proceeding, involve matters of exceptional important to national security of the United States of America because a federal district court

has the power to declassify classified information when appropriate relief is sought – which has not occurred to the best of plaintiff's knowledge in this proceeding.

4. In the order of this Court (separately attached) dated February 20, 2015, 15-3032 ("Appellate Order") regarding D.C. No. 2:14CV-02631-JAR-TJJ (D. Kan.) two Circuit Judges found that "plaintiff had failed to make the showings required by Rule 8(a) of the Federal Rules of Appellate Procedure." In the interim, plaintiff has a motion to stay the district court's order (Doc 17) pending appeal (Doc 28).

5. The Appellate Order in this case of exceptional importance, as recognized by the affidavits submitted in the Emergency Request notice of appeal is informed herein of the basis for jurisdiction of this Court under Rule 8(a) of the Federal Rules of Appellate Procedure (which, to the extent applicable, cures any defect in jurisdiction) and the inconsistency of the Appellate Order with the binding precedent of the United States Supreme Court and a prior binding precedent of this Court which supports plaintiff's petition for rehearing and request for rehearing en banc.

6. Jurisdiction of this Court to stay is conferred by virtue of the All Writs Statute 28 U.S.C. 1651 (Mandamus). *Cf. United States v. McVeigh,* 119 F.3d 806, 810 (10th Cir. 1997) ("We similarly conclude that mandamus is the proper vehicle for reviewing court orders sealing or redacting court documents," referring to five "nonexclusive guidelines). Plaintiff respectfully submits that each of those

guidelines have been met here, as shown by the Motion for Emergency Relief previously submitted to this Court. *See also* "And the Supreme Court has termed the power "inherent." *In re McKenzie*, 180 U.S. 536, 551 (1901) and "part of its [the court of appeals] traditional equipment for the administration of justice." *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10 (1942) ("The requirement that application be first made to the district is the case law rule."); *Cumberland Tel. & Tel Co. v. Louisiana Public Service Commission*, 260 U.S. 212, 219 (1922).

   7.  The motion requested an injunction (1) requiring defendants to redact the Movie to removed information from the Movie (and hence the transcript) that defendants admitted in their motion to dismiss the complaint which specifically identified that portions of the transcript of the Movie (and hence the Movie itself) contained classified and other prohibited information under, *inter alia*, Executive Order 13526; (2)  preventing the current version of the Movie from being shown "by any person or entity, including the Academy [of Motion Picture Art and Sciences]], (3) deeming the film ineligible for an Academy Award, and (4) the relief more specifically set forth in plaintiff's conclusion to his Emergency Relief request under Fed. R. App. P. 8 (a)(2), including all relief this Court deems just and proper.

   8.  The exceptional importance of this proceeding is further shown by the on the record statement to the Senate Select Committee on Intelligence in 2014 of the

Director of National Intelligence and in the Certificate of Acknowledgment of the former General Counsel of the National Security Agency, attaching support for the grievous effect upon national security and the safety of the American people arising from the post-Snowden disclosures.

## II.     PRELIMINARY STATEMENT

Plaintiff-Appellant respectfully petitions this Court for rehearing en banc pursuant to Fed. R. App. P. 35 and/or panel pursuant to Fed. R. App. 40, or in the alternative, in the nature of mandamus.

The basis for emergency relief is fully set forth in plaintiff's Emergency Request/Notice of Appeal.

## III.    REASONS WHY THE PETITION SHOULD BE GRANTED

A rehearing is appropriate because the two Circuit Judges in their holding apparently misapprehended the jurisdictional basis for the plaintiff's Emergency Motion and found that despite accepting the Emergency Motion for consideration and Order, there had been some type of unspecified showing required by Rule 8(a) of the Federal Rules of Appellate Procedure.

Jurisdiction exists, as noted above, pursuant to the All Writs Statute, 28 U.S.C. §1651 (In the Nature of Mandamus),

In connection with a clearly erroneous determination regarding jurisdiction as set forth in the Petition, which includes relief in the nature of mandamus, the

Appellate Order did not reference a specific showing that Plaintiff had failed to make. Further, the Appellate Order referenced the Movie only and not the Transcript nor did it reference the fact that defendants admitted that the Movie and the Transcript contained classified information and that the order appeal from in the court below had also failed to acknowledge that defendants had admitted in their memorandum of law in support of objecting to placing the Movie and Transcript under seal (as is the required procedure for classified information, that the Movie, in its current version, contained classified information. The Appellate Order also did not state that the information defendants' admitted was classified in the Movie had been declassified, that the admitted classified information was used by permission of the United States Government or any of the relevant intelligence agencies or by the President of the United States permitted to declassify the classified information stolen by defendant Snowden that appears in the Movie and Transcript, and also that any agreement or other form of consent had been received by defendants, including defendant Praxis Films, Inc. and defendant Laura Poitras, defendant The Weinstein Company, and defendant Participant Media, to use the classified information or to allow title to pass to any defendant to use the information.

    Also in connection with the Appellate Order, the two Circuit Judges overlooked and neglected to address plaintiff's assertions, supported by

Certification and an Affidavit, that defendants knew that they were participating in the unlawful participation of classified information in the Movie, and hence that its eligibility for an Oscar this evening, and its exhibition tomorrow on HBO, and the controlling authority of the United States Supreme Court that bars, under the balancing of harms, the commonly applied and accepted remedy of reediting before public distribution under that injunctive relief standard. *See eBay, Inc. v. MercExchange*, 547 U.S. 388 (2006); *Woods v. Universal City Studios*, 920 F. Supp. 62, 65 (S.D.N.Y.1996) ("12 Monkeys Case").

Because the two Circuit Judges did not issue a temporary restraining order pending viewing of the Movie, which was to be delivered to the Court under seal by plaintiff on Monday, February 23, 2015, the two Circuit Judges overlooked or misapprehended the nature of the threatened injury to the fundamental safety of plaintiff and the American people when and if millions of people in the United States and millions of others, including terrorists worldwide, see the classified information in the Movie, which encourages others to steal United States intelligence information and to evade detection of terrorist acts thereby. By doing so, the two Circuit Judges who issued the Appellate Order overlooked the serious ramifications of the disallowing plaintiff's Emergency Motion and the relief requested.

## IV. CONCLUSION

For the foregoing reasons, this Petition should be granted together with the relief originally requested in the Emergency Motion herein filed on February 20, 2015, pp.35-36; and further that the Court order the district court to seal the DVD and Transcript, the subject of the Order (Doc. 17), which defendants have admitted contain classified national security information in the Memorandum to Defendant's Motion to Dismiss (Doc. 14).

Respectfully submitted this 22nd day of February, 2015

LAMFERS & ASSOCIATES, LC
By: /s/Jean Lamfers
Jean Lamfers  KS#12707
7003 Martindale Rd.
Shawnee, KS  66218
Tel. (913) 962-8200
Email: jl@lamferslaw.com

ATTORNEY FOR PLAINTIFF
HORACE B. EDWARDS

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via email to each attorney listed below this 22nd day of February, 2015 to the following:

Bernard Rhodes
brhodes@lathropgage.com
Lathrop & Gage LLP
2345 Grand Blvd., Suite 2400
Kansas City, MO  64108

Marvin S. Putnam
mputnam@omm.com
Daniel D. Ambar
dambar@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA  90067

/s/Jean Lamfers_____
Attorney for Horace B. Edwards

Attachment:[1]

ORDER
**HARTZ** AND **PHILLIPS,** Circuit Judges
Dated: February 20, 2015

Docket No. 15-3032
(D.C. No. 2:14-CV-02631-JAR-TJJ)
(D. Kan.)

---

[1] Pursuant to the previous instructions received from the Deputy Clerk of the Court, we request this document be accepted as an attachment to the foregoing and both documents be accepted as filed and officially submitted by email. We respectfully request this filing receive similar treatment and be accepted for filing by email, due to the emergency nature, exigent circumstances, and emergency relief requested under 10th Cir. R. 8.